IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAUL ARCHULETA, ISAAC MARTINEZ, TRINA SUAZO-MARTINEZ, DANIEL FRANK, MICHELLE CORIZ, ADRIANNA MARTINEZ, VALLERIE LAMBERT, and SAM SPROW, <br><br> Plaintiffs, <br><br> v. <br><br> TRIAD NATIONAL SECURITY, LLC, d/b/a LOS ALAMOS NATIONAL LABORATORY, and THOMAS MASON, Director of Los Alamos National Laboratory, in his official capacity, <br><br> Defendants. | Case No. 1:21-cv-01030 KWR/SCY |

**PLAINTIFFS' MOTION TO LIFT STAY
AND ADMINISTRATIVELY REOPEN CASE FOR THE PURPOSE OF
ORDERING CONTINUATION OF CONSOLIDATION
OF THE ARBITRATION PROCEEDINGS**

Plaintiffs respectfully request that the Court lift the stay imposed by its Memorandum Opinion and Order entered on November 28, 2021 [Doc. 34] and administratively reopen this case for the purpose of considering Plaintiffs' Motion for an order continuing the consolidation of Plaintiffs' claims before a single arbitrator. Defendants oppose this Motion.

As grounds for this Motion, Plaintiffs state that each of their employment agreements with Defendant Triad National Security, LLC provides, in part, "[t]his Agreement will be governed by and construed in accordance with the laws of the State of New Mexico without giving effect to any principles of conflict of laws that would lead to the application of the laws of another jurisdiction." Defendants' Motion to Compel Arbitration, Exhibit B-1 [Doc. 12-2], at 6. *Accord*, *id.*, Exhibit B-2 at 15, Exhibit B-3 at 27, Exhibit B-4 at 37, Exhibit B-5 at 46, Exhibit B-6 at 57-8, Exhibit B-7 at 67 and Exhibit B-8 at 76.

Section 44-7A-11 NMSA 1978 grants the Court sole authority to order consolidation of Plaintiffs' claims before a single arbitrator.  Section 44-7A-11 provides:

> (a) Except as otherwise provided in Subsection (c), upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, ***the court may order consolidation of separate arbitration proceedings*** as to all or some of the claims if:
>
> > (1) there are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person;
> >
> > (2) the claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;
> >
> > (3) the existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and
> >
> > (4) prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights or hardship to parties opposing consolidation.
>
> (b) ***The court may order consolidation*** of separate arbitration proceedings as to some claims and allow other claims to be resolved in separate arbitration proceedings.
>
> (c) The court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation.

Emphasis added.

In this instance, Plaintiffs filed a single complaint in this Court asserting multiple facts that apply to every Plaintiff and alleging five causes of action: (1) religious discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) violation of the Americans with Disabilities Act ("ADA"); (4) violation of the Free Exercise Clause; and (5) violation of the Religious Freedom Restoration Act.  *See* Amended Verified Complaint, Doc. 9.  Each cause of action was brought on behalf of all Plaintiffs except the ADA claim, which was brought on behalf

2

of only four of the Plaintiffs. *Id.* Defendants filed a single motion to compel all Plaintiffs to arbitrate their claims, which never mentioned the consolidation objection. *See* Defendants' Motion to Compel Arbitration, Doc. 12. Pursuant to the Employment Arbitration Rules of the American Arbitration Association, Plaintiffs requested the appointment of an emergency arbitrator to consider their request for emergency interim relief. After almost four months and briefing was completed, the emergency arbitrator conducted a hearing and denied most of Plaintiffs' request for emergency interim relief. The emergency arbitrator subsequently "denied" Plaintiffs' request to consolidate the arbitrations of their claims before a single arbitrator on the grounds that he has "no authority to do so," even though the claims were already consolidated for purposes of emergency relief.

Despite the fact that Plaintiffs' claims arise in substantial part from the same transaction and common issues of law and fact abound here, thereby giving rise to a likelihood of conflicting decisions if separate arbitration proceedings were ordered, Defendants insist that each Plaintiff's case must be arbitrated separately, thus turning this single case into eight separate cases. Defendants rely on the unlawful *class action* prohibition in their arbitration agreement to argue that consolidation is inappropriate. Contrary to Defendants' argument, consolidation is both necessary and appropriate in this case.

The arbitration provision drafted by the Defendants in each Plaintiff's employment agreement is virtually identical. Significantly, the arbitration provision does **not** prohibit consolidation of arbitration proceedings. Rather, it merely prohibits "class actions." *See* Defendants' Motion to Compel Arbitration, Exhibit B-1 [Doc. 12-2], at 6. *Accord*, *id*., Exhibit B-2 at 15, Exhibit B-3 at 27, Exhibit B-4 at 37, Exhibit B-5 at 46, Exhibit B-6 at 58, Exhibit B-7 at 67, and Exhibit B-8 at 76.

The class action prohibition is not only contrary to New Mexico law, *see* Section 44-7A-1 (b)(4)(f) and 44-7A-5, but is irrelevant in this case. It is clear from the pleadings that Plaintiffs have not invoked Fed.R.Civ.P. 23, have not filed a class action lawsuit, and do not purport to represent a class. Defendants' argument that the class action prohibition bars consolidation "is not persuasive because it was [Defendants] that drafted the arbitration agreements, and [they] could have easily included a provision prohibiting consolidation." *Lyndoe v. D.R. Horton, Inc.*, 2012-NMCA-103, ¶19, 287 P.3d 357, 362.

Nor is consolidated arbitration the same as a class action.

> [W]e fail to see how a consolidated arbitration proceeding involving specific, named parties is the same as a class arbitration. As the Court noted in *Stolt-Nielsen* [*S.A. v. Animal Feeds Int's Corp.*, 130 S. Ct. 1758 (2010)], in a class arbitration, the arbitrator's award may 'adjudicate[] the rights of absent parties' as well as the rights of named parties. 30 S. Ct. at 1776. This cannot occur in the consolidated arbitration ordered in this case by the district court because only the named parties with arbitration agreements will participate. In addition, the rules governing class arbitrations, presumably derived from the rules governing class litigation, are quite different from the statutory elements required for consolidated arbitration. For example, prerequisites for class arbitration would include numerosity so great that joinder of all class members is impracticable, common issues of law or fact predominating over issues affecting individual class members, and certification of the class.

*Lyndoe*, 2012-NMCA-103, ¶26.

Because Defendants failed to prohibit consolidation in their arbitration agreement, consolidation in this case is both permissible and appropriate.

Each of the requirements set forth in Section 44-7A-11 weigh completely in favor of consolidation.

**Section 44-7A-11 (a)(1) weighs in favor of consolidation** - Defendant Triad National Security is a party to a separate agreement to arbitrate with each of the Plaintiffs. With respect to any one Plaintiff, it is also involved in a separate arbitration proceeding with a third person, *i.e.*,

4

each of the other Plaintiffs.  Therefore, "there are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person." The requirement of Section 44-7A-11 (a)(1) has been met.

**Section 44-7A-11 (a)(2) weighs in favor of consolidation** - Each of the Plaintiffs in this case requested and was granted a religious exemption from Defendants' COVID-19 vaccine mandate. Each of the Plaintiffs was not given any meaningful, individualized, interactive dialogue or consideration of any accommodation other than LANL's "one size fits all" Leave Without Pay for religiously exempt employees; even though medically exempt employees have been permitted to work remotely or have received other accommodations that allow them to continue drawing a paycheck and receiving benefits.  The claims subject to arbitration in this case arise, therefore, in substantial part from the same transaction or series of related transactions.

In *Lyndoe*, the plaintiffs sued based on an alleged breach of their respective purchase agreements that they each separately signed with the defendant.  The defendant argued that because there were thirteen <u>different</u> purchase agreements and the closing of each sale was on a <u>different</u> date, the plaintiffs failed to meet the "related transaction" requirement.  The New Mexico Court of Appeals disagreed.  "We fail to see how different form agreements and different closing dates would remove this series of sales from the statutory category of 'related transactions.'  Plaintiffs have alleged sufficient facts to satisfy this element supporting consolidation." *Id*. ¶5.

Here, Plaintiffs' claims all arise from Defendants' COVID-19 vaccine mandate, the granting of a one-size-fits-all religious "accommodation," and Defendants' decision to treat Plaintiffs differently than other employees who were exempted from the mandate on medical or other grounds.  Plaintiffs' claims arise in substantial part from the same transaction or series of

5

related transactions, i.e., Defendants' mandate, decisions, and actions.  The requirement of Section 44-7A-11 (a)(2) has therefore been met.

**Section 44-7A-11 (a)(3) weighs in favor of consolidation** - Plaintiffs initiated this case in the same single Complaint.  There exist, therefore, numerous common issues of law and fact, which gives rise to a distinct possibility that separate arbitrations before separate arbitrators will produce conflicting decisions. The requirement of Section 44-7A-11 (a)(3) has therefore been met.

**Section 44-7A-11 (a)(4) weighs in favor of consolidation** - There will be significant prejudice to both Plaintiffs and Defendants, in the form of time, costs, inconsistent rulings, repeated discovery, and other unnecessary proceedings if the parties are forced to arbitrate eight separate cases as opposed to one.

In addition, requiring Plaintiffs' and Defendants' counsel to arbitrate each case separately will necessarily create undue delay for all Plaintiffs except the first Plaintiff to have an arbitration hearing.  Under such circumstances the "prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights or hardship to parties opposing consolidation."

Finally, forcing Plaintiffs into eight separate arbitration proceedings would run contrary to the very purposes of arbitration itself, which is intended to provide for the "fast, inexpensive resolution of claims." *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 747 (11th Cir. 1988); *see Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 731 (9th Cir. 2006) ("Arbitration offers flexibility, an expeditious result, and is relatively inexpensive when compared to litigation."); *see also McClelland v. Azrilyan*, 31 F. Supp. 2d 707, 711-12 (W.D. Mo. 1998) (calling arbitration "a fast, efficient and inexpensive substitute to litigation in federal court").  If Plaintiffs are required to arbitrate individually in eight separate proceedings before eight separate

arbitrators, while repeating much of the same evidence and witnesses each time, it would undoubtedly necessitate more time, money, and resources than would have been expended if the case had proceeded, as one action, in federal court. Such a course would deny the parties the contractual "benefit of the bargain" embodied in the agreement to arbitrate with no legitimate countervailing benefit. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) ("By agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'") (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Deconsolidation would furthermore only exacerbate the delay seen in the fact that, due to no fault of Plaintiffs, this case was ordered to arbitration at the start of November, and now—five months later—the AAA has *still* not allowed for discovery to commence.

The requirement of Section 44-7A-11 (a)(4) has been met.

## CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion to Consolidate Arbitration Proceedings should be granted.

Respectfully submitted,

LAW OFFICE OF ANGELO J. ARTUSO

By: /s/Angelo J. Artuso
Angelo J. Artuso
P.O. Box 51763
Albuquerque, New Mexico 87181-1763
Telephone: (505) 306-5063
angelo@nmliberty.com

AND

THOMAS MORE SOCIETY

By: /s/B. Tyler Brooks
B. Tyler Brooks†
N.M. Federal Bar No. 21-296
309 W. Washington St., Suite 1250
Chicago, Illinois 60606
Telephone: (312) 782-1680
btb@btylerbrookslawyer.com
† *Admitted in NC, SC, TN & MI.*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Verified Complaint was served on all counsel of record by filing the same in the CM/ECF system this 8th day of April, 2022.

/s/ Angelo J. Artuso
Angelo J. Artuso