## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RAUL ARCHULETA, ISAAC MARTINEZ,
TRINA SUAZO-MARTINEZ, DANIEL
FRANK, MICHELLE CORIZ, ADRIANNA
MARTINEZ, VALLERIE LAMBERT and SAM
SPROW,

             Plaintiffs/Claimants,

v.                                                        Case No. 1:21-CV-01030 KWR/SCY

TRIAD NATIONAL SECURITY, LLC, d/b/a
LOS ALAMOS NATIONAL LABORATORY,
and THOMAS MASON, Director of Los
Alamos National Laboratory, in his official
capacity,

             Defendants/Respondents.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY AND ADMINISTRATIVELY REOPEN CASE FOR THE PURPOSE OF ORDERING CONTINUATION OF CONSOLIDATION OF THE ARBITRATION PROCEEDINGS

Plaintiffs cite no authority authorizing the Court to reopen this case to decide issues concerning consolidated arbitration proceedings after the Court has already compelled Plaintiffs' claims to arbitration, and no such authority exists.  Even if the Court had a legal basis to reopen this case, however, it is well established that the consolidation of potential arbitration proceedings presents an issue of procedural arbitrability that is for an arbitrator to decide, not the Court.  This conclusion is beyond dispute here as the Court has already held that all issues of arbitrability, whether procedural or substantive, have been delegated to the arbitrator.  For these threshold reasons, the Court should summarily deny Plaintiffs' request to lift the stay and reopen this case.

To create a path forward in arbitration, Defendants expressly agreed to authorize an emergency arbitrator to decide the consolidation question, to appoint the emergency arbitrator as a special discovery master for all arbitration proceedings, and to proceed with discovery for the

two Plaintiffs who have exhausted their administrative remedies. After the emergency arbitrator found that six of the eight Plaintiffs could not proceed with discovery because they have *still* not exhausted their administrative remedies—over six months after Plaintiffs initiated this action— Plaintiffs rejected all of Defendants' proposals and instead insisted that the arbitrator ***stay*** all proceedings, including discovery.  In other words, Plaintiffs have already declined to have their consolidation argument decided by an arbitrator, have inexplicably rejected the opportunity to proceed with discovery in arbitration, and have falsely represented to this Court that "the AAA has *still* not allowed for discovery to commence" when it was ***Plaintiffs*** who expressly requested that the AAA stay their arbitration proceedings and who rejected all offers, including from the emergency arbitrator, on a path forward in arbitration.

Setting all of these facts aside, consolidation is improper in any event because, among other things: neither the parties' arbitration agreements nor the applicable AAA rules provide for consolidated proceedings; the parties did not agree to incorporate the consolidation provision of the New Mexico Uniform Arbitration Act into their arbitration agreements; and Plaintiffs have failed to carry their burden of showing that the highly individualized inquiries associated with their varying claims and damages theories and Defendants' defenses to same are proper for a consolidated arbitration hearing on the merits.  Thus, should it reach Plaintiffs' request for consolidation, the Court should deny it in its entirety.

## I.    BACKGROUND

### A.    The Court Compels Plaintiffs' Claims to Arbitration and Stays These Proceedings.

On October 22, 2021, Plaintiffs filed this lawsuit alleging various claims against Defendants under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII"), the Religious Freedom Restoration Act ("RFRA"), and the United States

Constitution and seeking injunctive relief related to the imposition of Triad's COVID-19 vaccine policies.  *See* Doc. No. 1.  On November 8, 2021, after receiving full briefing and hearing oral argument from both parties, the Court compelled Plaintiffs' claims to arbitration and stayed and administratively closed the case pending arbitration.  *See* Doc. No 34.  In doing so, the Court held that the parties had entered into valid and enforceable arbitration agreements, that the parties had delegated all issues of arbitrability to the arbitrator by incorporating the American Arbitration Association ("AAA") Employment and Arbitration Rules and Mediation Procedures into their agreements, and that the arbitrator shall rule on Plaintiffs' request for preliminary injunctive relief.  *Id*.

**B.     Defendants Agree to the Appointment of an Emergency Arbitrator for the Sole Purpose of Deciding Plaintiffs' Request for Injunctive Relief, which the Arbitrator Has Now Denied Two Times.**

Although Plaintiffs' respective arbitration agreements do not provide for or permit consolidated or class arbitration, Plaintiffs nonetheless jointly initiated arbitration through a single demand.  From the outset, Defendants have objected to the arbitration proceeding as a consolidated action or being adjudicated by a single arbitrator, including in Defendants' cover letter when submitting its fees for eight separate arbitrations to the AAA.  *See* **Exhibit A** (December 1, 2021 letter enclosing fees).  Defendants specifically requested that AAA serve the parties with a separate list of arbitrators to adjudicate each Plaintiff's claim separately.  *Id*.

Defendants again voiced their insistence that the parties engage in separate arbitrations during the parties' January 7, 2022 administrative conference with AAA's Manager of ADR Services.   To streamline consideration of Plaintiffs' emergency motion for a preliminary injunction, however, Defendants agreed to Plaintiffs' suggestion that the parties appoint former New Mexico District Court Judge Clay Campbell for the limited purpose of deciding Plaintiffs'

request for injunctive relief while making clear that "Respondent continues to believe separate arbitrators need to be appointed thereafter to decide the merits of each claimant's claims." *See* **Exhibit B** (January 12, 2022 E-mail from Respondents' Counsel to Claimants' Counsel).  On February 18, 2022, after full briefing and oral argument, Judge Campbell denied Plaintiffs' request for injunctive relief.[1]

On March 1, 2022, Plaintiffs filed a second motion for injunctive relief based on authority that existed at the time of the hearing of their first request to the Arbitrator.  On April 4, 2022, after full briefing on the second motion, the Arbitrator determined that the second motion was tantamount to a motion for reconsideration and, denied Plaintiffs' second request for injunction in its entirety.

**C.     Plaintiffs Request a Discovery Order from the Arbitrator, then Effectively Withdraw the Request after Briefing and Argument, Refuse to Compromise with Defendants on Discovery, and Request a Stay of Arbitration Proceedings to Return to this Court.**

On February 23, 2022, Plaintiffs' counsel asked that Defendants agree to the entry of a discovery order under Rule 9 of the applicable AAA Rules.  *See* **Exhibit C** (Feb. 23, 2022 email). On February 25, Defendants responded and noted that entry of a discovery order was premature because: (a) Defendants still had not received evidence that any of the Plaintiffs had exhausted their administrative remedies for their underlying statutory discrimination claims, therefore, their claims were subject to immediate dismissal,[2] (b) Defendants did not agree to a consolidated arbitration proceeding, and (c) while Defendants had agreed to use Judge Campbell solely as the emergency arbitrator to hear Plaintiffs' emergency motion, they had never agreed to authorize Judge Campbell to oversee all proceedings on the merits.  *See* **Exhibit D** (Feb. 25, 2022 email)

---

[1]       In issuing his oral order denying the requested injunctive relief, the Arbitrator also required Triad to engage in the interactive process with Plaintiff Sam Sprow and took Plaintiffs' request for injunctive relief related to its claim under RFRA under advisement, before ultimately denying that basis for relief as well.

[2]       Defendants also asserted this as a ground to deny Plaintiffs' request for emergency relief.

Notwithstanding these objections, Defendants offered Plaintiffs a reasonable path forward. Rather than moving for dismissal of Plaintiffs' claims because they failed to exhaust administrative remedies, Defendants offered to stipulate to stay each Plaintiff's pending claims with the AAA until each received their respective right to sue notices; however, to expedite the resolution of the claims, Defendants offered to begin the process of choosing seven additional arbitrators to oversee each of their claims, with Judge Campbell serving as one of the arbitrators, for a total of eight. Defendants further offered that, if a plaintiff received a notice of right to sue, the parties could move forward with the selected arbitrator for that particular plaintiff's claims while the remaining plaintiffs' claims remain on hold until they receive the required notices from the EEOC.

Plaintiffs' counsel completely ignored Defendants' offer. Instead, on March 7, 2022, Plaintiffs submitted a request asking the emergency arbitrator, Judge Campbell, to enter a discovery order under Rule 9 of the applicable AAA Rules. *See* **Exhibit E** (Claimants' Request for Discovery Order). Defendants formally objected to the entry of the discovery order as premature, for the same reasons stated above. *See* **Exhibit F** (February 25, 2022 E-mail From Respondents' Counsel to Claimants' Counsel).

At the request of the emergency arbitrator, both parties submitted their respective positions on the issues of proposed consolidated arbitration proceedings and the effect of Plaintiffs' continued failure to exhaust administrative remedies. *See* **Exhibit G** (March 15, 2022 E-mail Chain Reflecting Parties' Arguments). A hearing was held on March 25, 2022, at which the arbitrator found that six of the eight Plaintiffs had still not exhausted their administrative remedies and were therefore barred from litigating their claims or conducting discovery, as reflected in the arbitrator's order denying Plaintiffs' request for a discovery order,. *See* **Exhibit H** (Arbitrator's Order Denying Request for Discovery).

During the proceeding, Defendants' counsel once again offered the same path forward as before—that the parties move forward with discovery as to those plaintiffs who had exhausted administrative remedies.  The arbitrator also presented that option, as memorialized in the arbitrator's Order, but Plaintiffs refused and instead **voluntarily suggested that the arbitrator stay the entire matter as to all Plaintiffs**:

> I asked Claimants at the hearing whether they wished to conduct discovery for the two Claimants who had exhausted, **but Claimants requested that this matter be stayed pending all eight Claimants receiving notices of right to sue from the EEOC**.  I granted Claimants' request to stay the matter.

*See id.*, p. 2 (emphasis added).[3]  Indeed, Plaintiffs' representation to this Court that they have not been permitted by the AAA to proceed with the arbitration proceeding is not only false, but misleading: it was ***Plaintiffs*** who asked that the arbitrator stay all proceedings rather than agree to any path forward in arbitration.

The arbitrator also declined to issue an opinion on whether Plaintiffs' claims may be consolidated or must be heard by eight separate arbitrators because Plaintiffs refused to authorize him to do so.  Again, Defendants offered Plaintiffs a path forward so that this issue could be decided in the arbitration proceeding.  On this point, the arbitrator further found:

> Respondents offered to empower me to rule on whether Claimants' claims may be consolidated, and also offered to appoint me to serve as Special Master overseeing consolidated discovery for all matters while reserving merits determinations for eight separate arbitrators in order to provide an avenue for Claimants to pursue their claims.  **Claimants declined to agree to either proposal.**

*See id.* (emphasis added).

---

[3]    Defendants' counsel presented Plaintiffs' counsel with a form of Order to present to the Arbitrator.  Plaintiffs' Counsel agreed to the order without objection and, in fact, presented it to the Arbitrator for execution.  *See* **Exhibit I** (March 31, 2022 email)

**D.**    **Defendants Continue to Offer a Path Forward, but Plaintiffs Reject It.**

Rather than seek to resolve the parties' dispute through the arbitration process, which is something both the emergency arbitrator and Defendants have offered, Plaintiffs instead filed this motion.  In fact, even after Plaintiffs filed this motion, Defendants once again offered to allow the Plaintiffs who have exhausted their administrative remedies to begin discovery immediately in the interest of moving the arbitrations forward.  *See* **Exhibit J** (April 8, 2022 Letter from Respondents' Counsel to Claimants' Counsel).  Plaintiffs again rejected Defendants' proposal.    As explained below, the Court should deny Plaintiffs' motion, and direct Plaintiffs to pursue this issue in arbitration, as required under applicable law.

## II.    ARGUMENT

**A.**    **Plaintiffs Cite No Legal Basis for the Court to Reopen the Case to Decide a Purely Procedural Issue Related to Proposed Consolidated Arbitration Proceedings.**

Plaintiffs identify no authority authorizing the Court to reopen this case and lift the stay entered pending arbitration to decide purely procedural issues concerning Plaintiffs' proposal to proceed in arbitration on a consolidated basis.  To the contrary, the Federal Arbitration Act ("FAA") mandates that "upon being satisfied that the issue involved in the suit or proceeding is referrable to arbitration," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."[4] *See* 9 U.S.C. § 3.  Because the Court has already properly compelled Plaintiffs' claims to arbitration, and arbitration has not been had in accordance with the terms of the subject arbitration agreements, there is no legal basis under the FAA or otherwise for Plaintiffs to lift the Court's statutorily-mandated stay of these proceedings and reopen this case to argue about purely procedural matters that are reserved for an arbitrator.

---

[4]    As properly acknowledged by the Court in the "Relevant Arbitration Standard" section of its order compelling arbitration, the FAA applies to this case.  *See* Doc No. 34, pp. 2–3.

To this last point, it is well established that determinations related to whether the parties agreed to arbitrate on a consolidated basis presents a procedural question involving "what kind of arbitration proceeding the parties agreed to" as opposed to "whether they agreed to arbitrate a matter," and procedural questions must be decided by an arbitrator, not a court. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 587 (3rd Cir. 2007) (holding that the question of whether the parties "agreed to individualized or consolidated proceedings [was] a question of procedure" for the arbitrator to decide); *Employers Ins. Co. of Wausau v. Century Indem. Co.*, 443 F.3d 573, 576–577 (7th Cir. 2006) ("We find based on *Howsam* [*v. Dean Witter Reynolds, Inc.* 537 U.S. 79 (2002)] that the question of whether an arbitration agreement forbids consolidated arbitration is a procedural one, which the arbitrator should resolve."); *Shaw's v. Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, AFL-CIO*, 32 F.3 251, 254 (1st Cir. 2003) (same).

Even if the Court were to find that the consolidation issue presented a question of arbitrability, it would not be appropriate for the Court to entertain this motion because it has already held that "the parties clearly and unmistakably delegated arbitrability to the arbitrator." *See* Doc. No. 34, pp. 10–13.  Thus, not only have Plaintiffs presented no legal basis for the Court to lift the statutorily-mandated stay pending arbitration, the question they have asked the Court to answer must be resolved by the arbitrator in any event.  As a result, the Court should summarily deny Plaintiffs' motion without further analysis.

**B.    Alternatively, the Court Should Deny Plaintiffs' Request to Consolidate Arbitration Proceedings.**

Plaintiffs' request for consolidated arbitration proceedings should be denied for at least four reasons: (1) the subject arbitration provisions do not provide for consolidated proceedings; (2) the AAA's Employment Arbitration Rules and Mediation Procedures—which govern these disputes—do not provide for consolidated proceedings; (3) Plaintiffs' argument for application of

the New Mexico Uniform Arbitration Act's consolidation provision is misplaced and undermined by United States Supreme Court and District of New Mexico authority; and (4) even the if the New Mexico Act's consolidation provision applied, Plaintiffs have failed to carry their burden of proving that consolidation of what should be eight separate arbitration proceedings is appropriate.

### 1.     The Parties Did Not Agree to Arbitrate on a Consolidated Basis.

The arbitration agreements at issue does not permit for consolidation of claims.  "Whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights of and expectations of the parties."  *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010).  Thus, a court is "bound to effectuate the intentions of the parties" in interpreting an arbitration agreement.  *Mitsubishi Motors Corp. v. Soler Chryslter-Plymouth, Inc.*, 473 U.S. 614, 632 (1985).  Here, the subject employment agreements and accompanying arbitration provisions reflect the parties' intent to arbitrate claims against each other on an individual basis.

The employment agreements are written in the first person and each of the Plaintiffs separately and individually entered into the agreements "as a condition of **my employment**."  *See* Doc. No. 12-2, Ex. B-1 at ¶ 19 (emphasis added).  The subject arbitration provisions nowhere reference consolidated arbitration proceedings and instead state:

> I understand and agree that any dispute **between the Company and I** arising out of or related to **my employment** with the Company will be submitted to binding arbitration and that **I and Triad** waive the right to take any such dispute to Court."
> *Id.* (emphasis added).  The parties each further agreed that the "arbitration will be administered by the American Arbitration Association under its Employment Arbitration Rules and Mediation Procedures in effect at the time **the claim** is

filed"—meaning "the claim" between the individual employee and Triad as opposed to the claims of multiple employees asserted here.

*Id*. (emphasis added).

The parties also agreed that "**the claim**"—singular—will be heard by a single arbitrator and the arbitration provision again says nothing about multiple claims of multiple claimants. *Id*. (emphasis added). As a further reflection of the parties' intent to proceed only in individual arbitration, Plaintiffs expressly waived the right to participate in class action proceedings against Defendants. *Id*. Thus, the parties' intent to arbitrate the subject claims against each other on an individual basis is manifested throughout the employment agreements in general and the arbitration provision in particular, and there is no contractual language whatsoever reflecting an intent to arbitrate on a consolidated basis.

### 2.     The AAA Employment Rules Do Not Provide for Consolidated Proceedings.

In furtherance of the intent to arbitrate claims against each other on an individual basis, each of the Plaintiffs individually and Triad agreed that their respective arbitrations would be administered by the AAA under its Employment Arbitration Rules and Mediation Procedures. *Id*. Unlike AAA's Construction Industry and Commercial Arbitration Rules and Mediation Procedures, which do provide for the possibility of consolidated arbitration procedures (*see e.g.*, Rule 7-A of Construction Rules), its Employment Arbitration rules, which govern here, do not provide any procedure for consolidated proceedings or even so much as reference the possibility of same. Thus, in addition to the contractual language at issue demonstrating that the parties intended only to engage in individual arbitration, the arbitration is to be administered under a set of rules that do not provide for consolidated proceedings.

3.      **Plaintiffs' Sole Argument is Undermined by the Subject Arbitration Provision and Applicable Authority from the Supreme Court and the District of New Mexico.**

Contrary to Plaintiffs' sole argument, the inclusion of a general New Mexico choice of law provision in the employment agreement neither incorporates New Mexico's arbitration procedures nor otherwise supplants the parties' specific agreement in the arbitration provision that the arbitration "will be administered" pursuant to the AAA's Employment Rules. As explained by the United States Supreme Court, where the parties incorporate a general state choice of law provision in their agreement and specific rules to govern their arbitration, "the choice-of-law provision covers the rights and duties of the parties, while the arbitration clause covers arbitration: neither sentence intrudes upon the other." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995). Consistent with *Mastrobuono*, in *Speridian Tech., LLC v. Applications Software Tech. Corp.*, the court held that the inclusion of an Illinois choice of law provision in a subcontractor agreement did not indicate the parties' intent to incorporate Illinois arbitration law. 2015 WL 13047933, at *8–9 (D.N.M. Oct. 9, 2015) ("Pursuant to *Mastrobuono*," by incorporating an Illinois choice of law clause, "only Illinois substantive law governs the contract, and it does not affect the enforceability of the contract."). The same result is warranted here. Because the parties each expressly agreed that arbitration will be administered under the AAA's Employment Rules and those rules do not provide for consolidated arbitration proceedings, the arbitrator should reject Plaintiffs' request for consolidated arbitration proceedings and require Plaintiffs to arbitrate their claims individually as envisioned in and intended by the subject arbitration provisions.

4.      **Consolidation is Not Appropriate Under NMSA § 44-7A-11**.

Even if the Court were to apply the consolidation provision in NMSA § 44-7A-11, Plaintiffs fail to explain how they satisfy any of the elements for consolidation under the statute.

As a threshold matter, six of the eight Plaintiffs have provided no proof that they have exhausted their administrative remedies, and for this reason, the emergency arbitrator has already found that these six Plaintiffs cannot proceed with their claims at this time.  This fact alone demonstrates that there is no logical or conceivable basis for Plaintiffs to proceed with arbitration on a consolidated basis, and further raises questions regarding whether these six Plaintiffs are even properly before the Court at this point in time and whether their claims must be dismissed at this juncture given the passage of time and their continued failure to exhaust administrative remedies.

The factual and legal distinctions among the Plaintiffs' claims and Defendants' defenses to same are also numerous.  Unlike the plaintiffs in *Lyndoe v. D.R. Horton, Inc.*, 2012 -NMCA-103, 287 P.3d 357 (N.M. Ct. App. 2012) on which Plaintiffs rely solely, the Plaintiffs here assert different claims from each other, with some Plaintiffs asserting solely religious discrimination claims under Title VII and the Constitution, others asserting solely disability discrimination claims under the ADA, and at least one Plaintiff who asserts claims under both.  *See* Doc. No. 1, pp. 11-12.  Then, even with respect to those Plaintiffs who assert the same or similar claims, the facts and legal analysis related to such claims are highly individualized and distinct.  For instance, the determination of the sincerity of certain of the Plaintiffs' religious beliefs will necessarily require a highly individualized analysis.  Likewise, an assessment of the reasonableness of an accommodation for one Plaintiff may not be same as for another, and Triad's burden in granting such accommodations will also differ across Plaintiffs based on, among other things, the facts particular to each Plaintiff's job position and duties.

Plaintiffs' demand for arbitration also seeks a broad range of damages, including damages for loss of economic opportunity, past and future medical expenses, past and future mental anguish and emotional distress, all of which will require intensive and individualized factual inquiries and

perhaps even expert testimony which will be unique to the claims of each Plaintiff. Litigating the disparate factual and legal claims of all eight Plaintiffs on a consolidated basis—if it is even possible to do so—will hinder and undermine the efficiency of the arbitration process and prejudice Defendants' ability to effectively defend themselves in these cases.

Moreover, as referenced above, the arbitration provision provides that "the claim" will be heard by a single arbitrator. *See* Doc. No. 12-2, Ex. B-1 at ¶ 19. To require Defendants to now arbitrate the *claims* of eight separate Plaintiffs in one proceeding with one arbitrator is not only contrary to the express terms of the arbitration provision, it is prejudicial to Defendants' right to select a different arbitrator to preside over the claims of each different Plaintiff. Consistent with the terms of the subject arbitration provisions and the applicable AAA Employment Rules, Defendants respectfully ask the Court to deny Plaintiffs' request to consolidate the arbitration proceedings and to order each of the Plaintiffs to submit their own individual arbitration demands and proceed in individual arbitrations.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully ask the Court to deny Plaintiffs' motion in its entirety.

DATED:  April 22, 2022                    Respectfully submitted,

                                          MORGAN, LEWIS & BOCKIUS LLP

                                          BY:  */s/ Andrea Fellion*
                                          Michael D. Weil
                                          Andrea Fellion
                                          Cullen Wallace
                                          One Market, Spear Street Tower
                                          San Francisco, CA  94105
                                          Telephone: (415) 442-1107
                                          Fax: (415) 442-1101
                                          michael.weil@morganlewis.com
                                          andrea.fellion@morganlewis.com

PEIFER, HANSON, MULLINS & BAKER, P.A.

BY: */s/ Sara N. Sanchez*
Sara N. Sanchez
Rebekah A. Gallegos
P.O. Box 25245
Albuquerque, NM  87125-5245
Telephone:  (505) 247-4800
Fax:  (505) 243-6458
ssanchez@peiferlaw.com
rgallegos@peiferlaw.com

***Attorneys for Defendants/Respondents***