# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

RAUL ARCHULETA, ISAAC MARTINEZ,
TRINA SUAZO-MARTINEZ, DANIEL FRANK,
MICHELLE CORIZ, ADRIANNA MARTINEZ,
VALLERIE LAMBERT, and SAM SPROW,

        Plaintiffs,

        v.                                       No. 1:21-cv-01030-KWR-SCY

TRIAD NATIONAL SECURITY, LLC,
*Doing business as Los Alamos*
*National Laboratory*, and
Dr. THOMAS MASON, *Director*
*Of Los Alamos National Laboratory, in his*
*Official capacity,*

        Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE ARBITRATION PROCEEDINGS

      **THIS MATTER** comes before the Court upon Plaintiffs' Motion to Lift Stay and Administratively Reopen Case for the Purpose of Ordering Continuation of Consolidation of the Arbitration Proceedings **(Doc. 35)**. For the reasons stated below, the motion is **DENIED.**

      Plaintiffs are or were employees of Defendant Triad National Security, LLC ("Triad"). They sought injunctive relief to reinstate them to their employment positions after they were placed on leave pursuant to Defendants' mandatory vaccine policy. Plaintiffs assert that they have religious exemptions to the mandatory vaccine policy and argue that Defendants have violated their constitutional rights and federal statutory rights. The Court compelled arbitration and administratively stayed the case, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Plaintiffs now seek to lift the statutory stay, requesting that the Court order that arbitration proceed on a

consolidated basis.  For the reason stated below, the Court declines to rule on consolidation, and concludes that consolidation is for the arbitrator to decide.

## BACKGROUND

In August 2021, Defendants announced a policy which required employees to be vaccinated for COVID-19 by October 15, 2021.  **Doc. 12-1 at 2.**  Defendants offered medical and religious accommodations to the vaccine mandate.  Plaintiffs, employees of Defendants, each received a religious accommodation.  **Doc. 12-1 at 3.**  On Friday, October 15, 2021, Plaintiffs were placed on leave "until an accommodation that will not unduly burden the operations at LANL or other employees has been identified."  **Doc. 12-1 at 3.**  It appears that each employee granted a religious accommodation was placed on leave.  Those without remaining leave days were placed on leave without pay.  Defendants represent that they conducted an individualized assessment of all religious accommodation requests.  **Doc. 23 at 8.**

Plaintiffs' complaint asserts the following federal claims:

- Counts I and II: Violation of Title VII;
- Count III: Violation of the Americans with Disabilities Act;
- Count IV: Violation of the Free Exercise Clause of the First Amendment;
- Count V: Violation of the Religious Freedom Restoration Act; and
- Count VI: Violation of the Equal Protection Clause of the Fourteenth Amendment.

Defendants moved to compel arbitration.  The arbitration provision provides in relevant part:

> **19. Arbitration.** I understand and agree that any dispute between the Company and I arising out of or related to my employment with the Company will be submitted to binding arbitration and that I and Triad waive the right to take any such dispute to court. This includes any dispute relating to my employment with the Company, including any separation or termination. The arbitration will be administered by the American Arbitration Association (AAA) under its Employment Arbitration Rules and Mediation Procedures in effect at the time the claim is filed.
> …
> The arbitrator is authorized to provide all remedies available in a court of law.

…
I specifically waive the right to bring or participate in any class action against the Company, either in court or before an arbitrator. Nothing in the Company's offer of employment will be read as preventing me from filing a claim under applicable workers' compensation, unemployment compensation statutes and/or claims under the Energy Employees Occupational Illness Compensation Program Act. In addition, this offer of employment will not prevent me from filing any administrative charge or complaint with any federal, state or local administrative agency, nor will the Company's offer of employment prevent me from participating in any forum administered by the United States Department of Energy.

**Doc. 12-2, Ex. B-1 at § 19.**

The Court compelled arbitration under the Federal Arbitration Act.  9 U.S.C. § 4 (allowing a party to move to compel arbitration).  The Court concluded that not only did the parties enter into an arbitration agreement, but they agreed to arbitrate "arbitrability", that is, whether the claims were subject to arbitration. The Court stayed and administratively closed this case pending arbitration, pursuant to the Federal Arbitration Act. *Id.* § 3.

Plaintiffs now move to lift the stay, requesting the Court order that the arbitration proceedings of the eight Plaintiffs be consolidated.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") articulates a strong national policy in favor of arbitration and "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).  Section 2 of the FAA places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010).  While the FAA favors arbitration agreements, a legally enforceable contract is still a prerequisite for arbitration, and without such a contract, parties will not be forced to arbitrate.  *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944-45 (1995) (stating that the presumption in favor of arbitration is

reversed when there is a dispute as to the existence of an agreement).  Thus, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Dumais v. Am. Golf Corp*., 299 F.3d 1216, 1220 (10th Cir. 2002).  "The issue of whether an arbitration agreement was formed between the parties must always be decided by a court, regardless of whether the alleged agreement contained a delegation clause or whether one of the parties specifically challenged such a clause." *Fedor v. United Healthcare, Inc*., 976 F.3d 1100, 1105–06 (10th Cir. 2020).

"[A]rbitration is a matter of contract…to determine whether a party has agreed to arbitrate a dispute," the court applies "ordinary state-law principles that govern the formation of contracts." *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017) (internal citations and quotation marks omitted).  "[T]o determine whether the agreement to arbitrate is valid, courts look to general state contract law, with the caveat that state laws that are specifically hostile to arbitration agreements are preempted by the FAA." *Laurich v. Red Lobster Rest., LLC*, 295 F. Supp. 3d 1186, 1206 (D.N.M. 2017).  Under New Mexico law, a legally enforceable contract requires the existence of an offer, an acceptance, consideration, and mutual assent.  *Laurel Healthcare, LLC,* 2013-NMSC-032, ¶ 42, 304 P.3d 409, 416.

## DISCUSSION

### I.    <u>Consolidation motion is not properly before the Court</u>

Initially, Plaintiffs have not shown that this matter is properly before the Court under the Federal Arbitration Act.  The Court already compelled arbitration. Now, before any arbitration ruling has been made, or any ruling on the motion for consolidation has been made, Plaintiffs request the Court intervene in arbitration and issuing a ruling that arbitration proceed in a consolidated manner.

4

The Federal Arbitration Act ("FAA") provides that "upon being satisfied that the issue involved in the suit or proceeding is referrable to arbitration," the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C.§ 3.  Plaintiffs do not point to which section of the FAA allows the Court to lift the statutory stay to order consolidation prior to the arbitrator's award or ruling.  *See Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 637 (7th Cir. 2011) ("judges must not intervene in pending arbitration to direct arbitrators to resolve an issue one way rather than another. Review comes at the beginning or the end, but not in the middle.") (citation omitted).  On this basis alone, relief should be denied.

The Seventh Circuit has rejected this type of mid-stream micro-managing of an arbitration proceeding.  *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 639 (7th Cir. 2011) ("The only question that a court should address before arbitration starts is whether the parties have agreed to arbitrate at all. BCS and the plans have agreed to arbitrate; the arbitrators themselves resolve procedural questions in the first instance (and usually the last instance)").

Plaintiffs argue that NMSA § 44-7A-11 requires the Court to consider consolidation.  As explained above, once arbitration has been compelled, the Court may not lift the stay to address procedurally how arbitration should be conducted.  *Id.*  Plaintiffs do not show that Congress contemplated that state law could lift the FAA's statutory stay to micromanage how an arbitration is conducted.  Therefore, NMSA § 44-7A-11 does not apply here or authorize the Court to lift the stay under the Federal Arbitration Act.

Alternatively, NMSA § 44-7A-11 does not apply because the agreement does not contemplate consolidation. That statute provides that "upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration

proceedings as to all or some of the claims…" NMSA § 44-7A-11.  However, NMSA § 44-7A-11 also provides that "the court may not order consolidation of the claims of a party to an agreement to arbitrate if the agreement prohibits consolidation."  NMSA 44-7A-11(c).  Here, the employment agreement between the individual plaintiffs and Defendant Triad states that "I understand and agree that any dispute between the Company and I arising out of or related to my employment with the Company will be submitted to binding arbitration…This includes any dispute relating to my employment with the company, including any separation or termination.  The arbitration will be administered by the American Arbitration Association under its Employment Arbitration Rules and Mediation Procedures in effect at the time the claim is filed." **Doc. 12-2, Ex. B-1, at ¶ 19**. The arbitration provision does not mention multiple claims or claimants, but rather contemplates arbitration proceedings brought by an individual employee. Moreover, the Employment Arbitration Rules and Mediation Procedures do not have a procedure for consolidating claims, while other rules do. This likely shows an intent not to consolidate proceedings.  The arbitration agreement expressly prohibits class arbitration. Finally, the arbitration provision provides that any dispute shall be arbitrated.  The Court finds this includes whether the arbitration proceedings should be consolidated. Therefore, considering these circumstances, the Court finds NMSA § 44-7A-11 does not compel the Court to rule on consolidation in this case.  NMSA §44-7A-11(c).

**II.      <u>Alternatively, consolidation is an issue for the arbitrator to decide.</u>**

Alternatively, the Court finds that consolidation of the arbitration proceedings asserted by the eight plaintiffs is a procedural issue for the arbitrator to decide.

Generally, procedural issues are for the arbitrator to decide.  "A gateway dispute about whether the parties are bound by a given arbitration clause raises a question of arbitrability for a court to decide."  *Howsam,* 537 U.S. at 84, 123 S.Ct. 588 (internal quotation marks omitted).

Matters concerning how the arbitration is to be conducted, on the other hand, are "procedural questions" which are "presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam,* 537 U.S. at 84, 123 S.Ct. 588 (internal quotation marks omitted).  Questions concerning the *"kind of arbitration proceeding* the parties agreed to" are for the arbitrator. *Green Tree,* 539 U.S. at 452, 123 S.Ct. 2402 (emphasis added). " 'Thus procedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator to decide." *Howsam,* 537 U.S. at 84, 123 S.Ct. 588 (quoting *John Wiley,* 376 U.S. at 557, 84 S.Ct. 909). "By presumptively remitting procedural questions to the arbitral body, the FAA necessarily recognizes that decisionmaker's authority to answer them."  *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 589 (3d Cir. 2007).

Under this framework, the Court finds that once arbitration proceedings have been compelled, consolidation is a procedural issue for the arbitrator to decide. Many courts have decided this issue in the same manner.  *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003) (issue of what kind of arbitration proceeding the parties agreed to is a procedural issue for the arbitrator); *Employers Insurance Co. of Wausau v. Century Indemnity Co.,* 443 F.3d 573 (7th Cir.2006) (arbitrator may decide whether arbitration proceedings should be consolidated,  subject to judicial review, if any, *after* an award has been made); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 636 (7th Cir. 2011) (same); *Certain Underwriters at Lloyd's London v. Westchester Fire Ins. Co.*, 489 F.3d 580, 589 (3d Cir. 2007) (when the parties have submitted a dispute to arbitration, the arbitrator, not the court, decides whether to consolidate claims arising from numerous contracts);*Shaw's Supermarkets, Inc. v. United Food & Com. Workers Union, Loc. 791, AFL-CIO,* 321 F.3d 251, 254 (1st Cir. 2003) (as to issue of who should decide consolidation of three separate grievances" concluding that "[s]ince each of the three

7

Case 1:21-cv-01030-KWR-SCY   Document 39   Filed 10/31/22   Page 8 of 11

grievances is itself concededly arbitrable, we think the answer is clear. Under *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), this is a procedural matter for the arbitrator."); *Blimpie Int'l Inc. v. Blimpie of the Keys,* 371 F.Supp.2d 469, 473–74 (S.D.N.Y.2005) ("Whether an arbitration proceeding should be consolidated with one or more other arbitration proceedings is a question .... properly addressed by the arbitrator.... Like the question of class arbitration in *Green Tree,* the question of consolidated arbitration here concerns the nature of the arbitration proceeding agreed to, not whether the parties agreed to arbitrate.... [C]onsolidation is a procedural issue."); *Avon Prods., Inc, v. Local 710*, 386 F.2d 651 (8th Cir. 1967) (consolidation determined by arbitrator).

Here, the Court has already compelled arbitration. Arbitration proceedings on emergency or preliminary injunctive relief were ongoing. Now, after arbitration proceedings have started, Plaintiffs ask the Court to intervene and order that proceedings be consolidated, apparently without the arbitrator issuing a decision on consolidation. **Doc. 36, Ex. H at 2.** The Court declines to do so.

Alternatively, even if the issue of consolidated arbitration is not a procedural issue, then it is an issue of contractual interpretation, which the parties agreed to arbitrate. As the Court explained in its prior order, the parties clearly and unmistakably agreed to arbitrate arbitrability because they incorporated the American Arbitration Association ("AAA") rules into the employment agreements. *See* **Doc. 12, Ex. B-1 to B-8, § 18 or § 19** (as applicable) ("The arbitration will be administered by the American Arbitration Association ('AAA') under its Employment Arbitration Rules and Mediation Procedures in effect at the time the claim is filed."); *see also Belnap*, 844 F.3d at 1283 (finding that the parties had clearly delegated the question of arbitrability to the arbitrator by incorporating the JAMs rules into their contract). The relevant

AAA rules provide that: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* Section 6a, Jurisdiction, AAA Employment Arbitration Rules and Mediation Procedures,  https://www.adr.org/employment (last accessed November 4, 2021).

This provision constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See, e.g., Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1281 (10th Cir. 2017) ("Dr. Belnap and SLRMC clearly and unmistakably agreed to arbitrate arbitrability when they incorporated the JAMS Rules into the Agreement."), *citing Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (observing that "[v]irtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability,")*; see also RW Dev., L.L.C. v. Cuningham Grp. Architecture, P.A.*, 562 Fed.Appx. 224, 226 (5th Cir. 2014) (unpublished) (concluding that the parties "clearly and unmistakably agreed to arbitrate arbitrability" by incorporating the AAA rules, despite the fact that the arbitration provision explained that the AAA rules would apply, "unless the parties mutually agree[d] otherwise").

Moreover, the arbitration clause is broad, and the parties agreed to arbitrate "any dispute between the Company and I arising out of or related to my employment with the Company will be submitted to binding arbitration and that I and Triad waive the right to take any such dispute to court. This includes any dispute relating to my employment with the Company, including any separation or termination."  **Doc. 12, Ex. B-1 at § 19.**

Here, the parties agreed to arbitrate any dispute between the Defendant and Plaintiffs arising out of or related to employment, and agreed to arbitrate pursuant to the Employment

Arbitration Rules and Mediation Procedures.  Whether the arbitration proceedings may or should

be consolidated is a contractual interpretation issue which the parties agreed to arbitrate.

Therefore, the Court declines to rule on whether the arbitration proceedings should be

consolidated, as this issue is for the arbitrator to decide.

III.     **Alternatively, only to the extent the Court were required to rule on consolidating the arbitration proceedings, the Court would not order consolidation.**

Alternatively, only to the extent the Court were required to rule on consolidation, the Court

would not have consolidated the arbitration proceedings, based on the record currently before the

Court.  NMSA § 44-7A-11 provides in part:

> a) Except as otherwise provided in Subsection (c), upon motion of a party to an agreement to arbitrate or to an arbitration proceeding, the court may order consolidation of separate arbitration proceedings as to all or some of the claims if:
>
> (1) there are separate agreements to arbitrate or separate arbitration proceedings between the same persons or one of them is a party to a separate agreement to arbitrate or a separate arbitration proceeding with a third person;
>
> (2) the claims subject to the agreements to arbitrate arise in substantial part from the same transaction or series of related transactions;
>
> (3) the existence of a common issue of law or fact creates the possibility of conflicting decisions in the separate arbitration proceedings; and
>
> (4) prejudice resulting from a failure to consolidate is not outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.

N.M. Stat. Ann. § 44-7A-11.  The Court finds that Plaintiffs do not meet requirements (3) and (4).

First, Plaintiffs in their motion did not identify the common issues of law or fact which

would create a risk of conflicting decisions.  **Doc. 35 at 6.** The Court finds that individualized

issues would likely predominate, and conflicting decisions would not result.

Second, the prejudice resulting from a failure to consolidate is outweighed by the risk of undue delay or prejudice to the rights of or hardship to parties opposing consolidation.  It appears that Plaintiffs filed this motion after the arbitrator refused to proceed on six of eight Plaintiffs until they had exhausted their administrative remedies.  Plaintiffs may have been seeking consolidation to get around the failure to exhaust.  Moreover, Plaintiffs do not all assert the same claims.  Some assert religious discrimination claims, while others assert disability discrimination under the ADA.  Moreover, the employment claims by their nature are a highly individualized inquiry.  Finally, damages will be individualized.

### CONCLUSION

The Court declines to issue an order consolidating the arbitration proceedings of the eight plaintiffs.  Consolidation is for the arbitrator to decide.  Therefore, the Court **DECLINES** to lift the stay in this case and will **DENY** the motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Lift Stay and Administratively Reopen Case for the Purpose of Ordering Continuation of Consolidation of the Arbitration Proceedings (**Doc. 35**) is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**